IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LANCE MICHAEL BARNES,<br>　　　　Petitioner,<br><br>　　　　v.<br><br>ERIE COUNTY COURT OF COMMON<br>PLEAS; ERIE COUNTY DISTRICT<br>ATTORNEY'S OFFICE;<br>ERIE COUNTYCONTRACT JAIL<br>ALBION;<br>PENNSYLVANIA DEPARTMENT OF<br>CORRECTIONS,<br>　　　　Respondents. | Civil Action No. 12-108 Erie<br><br>Magistrate Judge Susan Paradise Baxter |

# OPINION AND ORDER[1]

Presently before the Court is a petition for a writ of habeas corpus filed by Lance Michael Barnes. [ECF No. 4]. For the reasons set forth below, the petition will be summarily dismissed and a certificate of appealability will be denied.

**I.**

**A.** **Relevant Background**

Petitioner was charged in the Court of Common Pleas of York County at Criminal Docket No. 6511 of 2005 with 19 counts, including multiple counts of Rape (18 Pa.C.S. § 3121), Involuntary Deviate Sexual Intercourse (18 Pa.C.S. § 3123), Aggravated Indecent Assault (18 Pa.C.S. § 3125) and Indecent Assault (18 Pa.C.S. § 3126), and one count each of Statutory Sexual Assault (18 Pa.C.S. § 3122.1) and Corruption of Minors (18 Pa.C.S. § 6301). On March 8, 2007, a jury found him guilty on several of the counts. [ECF No. 10, Ex. 1].

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), Petitioner has voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

Pennsylvania's statutory sentence scheme is indeterminate. Commonwealth v. Yuhasz, 923 A.2d 1111, 1117 (Pa. 2007). This means that a court will impose a sentence with two numbers, the earliest time that the defendant will be eligible for discretionary parole release and the latest date upon which the defendant may be released from confinement or parole supervision. Id. at 1114-15, 1117-18 (citing 42 Pa.C.S. § 9756(a)). Pennsylvania's statutory scheme also is "guided," meaning that it "require[es] a judge to consider the guidelines by the Pennsylvania Commission of Sentencing in choosing a minimum sentence." Id. at 1118. Importantly, a court may impose a sentence outside the sentencing guidelines as long as it provides a contemporaneous written statement of the reason or reasons for the deviation from the guidelines. Id. (citing 42 Pa.C.S. § 9721(b)). Thus, "[i]t is well established that the Sentencing Guidelines are *purely advisory in nature*." Id. (emphasis added). "[D]espite the recommendations of the Sentencing Guidelines, 'the trial courts retain broad discretion in sentencing matters, and therefore, may sentence defendants outside the Guidelines.'" Id. at 1118-19 (quoting Commonwealth v. Mouzon, 812 A.2d 617, 621 (Pa. 2002)). "The only line that a sentence may not cross is the statutory maximum sentence." Id. at 1119 (citing Mouzon, 812 A.2d at 621 n.4, and Commonwealth v. Saranchak, 675 A.2d 268, 277 n.17 (Pa. 1996)).

On or around September 6, 2007, the Court of Common Pleas sentenced Petitioner to an aggregate term of imprisonment of 15-30 years', as follows:

> upon conviction of Rape at Count 3, to a term of not less than five years nor more than ten years imprisonment;
>
> upon conviction of Involuntary Deviate Sexual Intercourse at Count 5, to a term of not less than five years nor more than ten years imprisonment, to be served consecutive to Count 3;
>
> upon conviction of Involuntary Deviate Sexual Intercourse at Count 7, to a term of not less than five years nor more than ten years imprisonment, to be served consecutive to Counts 3 and 5;

upon conviction of Aggravated Indecent Assault at Counts 9 and 12, to terms of not less than two-and-one-half years nor more than five years imprisonment, both to be served concurrent with each other and concurrent with Counts 3, 5 and 7.

[ECF No. 10 at 2].

On or around April 30, 2012, Petitioner filed with this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [ECF No. 4]. He claims that his sentence is excessive because it exceeds the recommended range set forth by Pennsylvania's Sentencing Guidelines. [ECF No. 4 at 2-3]. As a result, he claims, his sentence "lacked finality" and did not authorize his detention. He further claims that when the Pennsylvania Department of Corrections (the "DOC") took custody of him after his sentencing, it was aware that it did not have the authority to detain him. The DOC therefore contracted with "the Erie County Court of Common Pleas, its Executive/Council, its administrative contract jail Albion Warden, formerly and now Michael W. Harlow, and Records Supervisor Cheryl Gill to 'alter' cause of detainment record for express purpose to 'hold' [him] at Albion[.]" [ECF No. 4 at 4]. Petitioner also claims that when he was temporarily transferred to a prison in Muskegon County, Michigan, for service of his Pennsylvania sentence from February 17, 2010, through May 25, 2011, his underlying sentence was "cancelled/terminated." [ECF No. 4 at 4-6]. As relief, Petitioner seeks an order from this Court directing that he be released from custody and that he receive "compensatory relief from each defendant" pursuant to 42 U.S.C. § 1983. [ECF No. 4 at 1, 7].

The DOC and the Erie County Contract Jail have filed an Answer [ECF No. 10] in which they submit that the petition should be dismissed with regard to them because it cannot be disputed that they are detaining Petitioner pursuant to the sentence imposed by the Court of Common Pleas of York County, and that sentence has not been modified or vacated. The Erie County District Attorney's Office has filed a motion to transfer the duties to file an Answer to the York County District Attorney's Office

[ECF No. 6] because Petitioner's judgment of sentence was imposed by the Court of Common Pleas of York County.  Petitioner has filed a Response [ECF No. 12].

**B.     Discussion**

This case is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254.  Under this statute, habeas relief is only available on the grounds that Petitioner's judgment of sentence is violative of his federal constitutional rights.  28 U.S.C. § 2254(a).  Errors of state law are not cognizable.  See, e.g., Priester v. Vaughn, 382 F.3d 394, 402 (3d Cir. 2004) ("Federal courts reviewing habeas claims cannot 'reexamine state court determinations on state-law questions.'") (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)).  See also Real v. Shannon, 600 F.3d 302, 309-10 (3d Cir. 2010).

Petitioner named as Respondents in this action the Erie County District Attorney's Office, the Erie County Court of Common Pleas, the Erie County Contract Jail Albion, and the DOC.  [ECF No. 6].  In a habeas case such as this, the proper respondent is the individual who has custody over the petitioner.  See 28 U.S.C. § 2242 (the proper respondent to a habeas petition is "the person who has custody over [the petitioner]."); id. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained.").  See also Rule 2(a) of the Rules Governing Section 2254 Cases In the United States District Court; LCvR 2254.B.1; Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004).  In this case, that person is Michael Harlow, the Superintendent of SCI Albion, but Petitioner did not name him as a respondent in this action.  As for the Respondents that Petitioner has named, they will be summarily dismissed from this action.

It is not necessary to provide Petitioner with the opportunity to add Harlow as a Respondent to this case because it plainly appears that his allegations do not entitle him to relief in habeas.

Accordingly, this case will be summarily dismissed and a certificate of appealability will be denied. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases.

As set forth above, Petitioner claims that he is entitled to habeas relief because his sentence was excessive. This claim is not cognizable under 28 U.S.C. § 2254. Sentencing is generally considered a matter of state criminal procedure, which does not fall within the purview of federal habeas review. See, e.g., Chapman v. United States, 500 U.S. 453, 465 (1991); Jones v. Superintendent of Rahway State Prison, 725 F.2d 40, 42-43 (3d Cir. 1984). Thus, unless an issue of constitutional dimension is implicated in a sentencing argument, see, e.g., 3 Charles A. Wright, *et al.*, Federal Practice and Procedure: Crim. § 550, Constitutional Limits on the Sentencing Decision (4th ed. updated April 2012), this Court is without power to grant habeas relief.

Petitioner argues that his sentence violates his Sixth Amendment rights because "under Pa. Guidelines the maximum statutory penalty for first offense 1- rape of a child, 2- involuntary deviate sexual intercourse person less [than] 16 years of age 3- involuntary deviate sexual intercourse person less [than] 13 years of age as charged in the information is shown as 72 months" and, therefore, the sentence imposed is in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000). [ECF No. 4 at 2]. In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. "[T]he relevant 'statutory maximum,'" the Court clarified in Blakely v. Washington, 542 U.S. 296, 303-04 (2004), "is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." (Emphasis in original).[2]

---

[2] Under the Washington guidelines at issue in Blakely, the judge was *required* to impose a sentence within the prescribed range unless there were substantial and compelling reasons to depart therefrom. Thus, the Supreme Court held

There is no merit to Petitioner's argument for the reasons explained by the Supreme Court of Pennsylvania in <u>Yuhasz</u>, in which it rejected a defendant's claim that his sentence ran afoul of the rule announced in <u>Apprendi</u> and its progeny, <u>Blakely</u> and <u>United States v. Booker</u>, 543 U.S. 220 (2005):

> As it is evident that Pennsylvania's Sentencing Guidelines are merely advisory, the United States Supreme Court's holding in <u>Booker</u> makes clear that they do not violate the Sixth Amendment. The Court in <u>Booker</u> explained, "[i]f the guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment." 543 U.S. at 233, 125 S.Ct. 738. Pennsylvania's Guidelines do just that. They set forth a series of recommendations that based on the type of crime, the defendant's criminal history, and the existence of any aggravating or mitigating factors, suggest a range of minimum sentences. *As the range is merely a suggestion, it avoids the constitutional problems encountered by the sentencing schemes reviewed in <u>Booker</u> and <u>Blakely</u>. Thus, the maximum sentence for <u>Apprendi</u> purposes is the statutory maximum, not the maximum recommendation of the Sentencing Guidelines. Because the statutory maximum is the polestar for Sixth Amendment purposes, a judge may impose a sentence outside the Guidelines without unconstitutionally increasing the punishment for a crime based on judicially-determined facts as long as the maximum sentence imposed does not exceed the statutory limit.*
>
> As Appellant in this case was sentenced within the statutory maximum sentence provided by 18 Pa.C.S. § 106(b)(3), the fact that the trial court considered material not admitted in Appellant's plea in departing from the sentencing guidelines is constitutionally irrelevant. Thus, the judgment of sentence is affirmed.

<u>Yuhasz</u>, 923 A.2d at 1119 (footnote omitted) (emphasis added). <u>See</u> also <u>Cunningham v. California</u>, 549 U.S. 270, 291-92 (2007) (quoting <u>Booker</u> and stating that "'[M]erely advisory provisions,' recommending but not requiring 'the selection of particular sentences in response to differing sets of facts,' all Members of the Court agreed, 'would not implicate the Sixth Amendment.'").

Petitioner also claims that because his judgment of sentence was invalid, the DOC understood that it did not have the authority to detain him and colluded with the other respondents to "alter" the cause of his detainment. He further argues that when the DOC temporarily transferred him to a prison in

---

that the relevant statutory maximum under the Washington guidelines for Sixth Amendment purposes was maximum sentence prescribed by the sentencing guidelines. <u>Blakely</u>, 542 U.S. at 303-04.

Muskegon County, his purportedly invalid sentence was "canceled/terminated" and, therefore, his present confinement is unconstitutional. [ECF No. 4 at 3-6]. These arguments do not support a valid claim for habeas relief either because they are based upon the premise that the sentence imposed by the Court of Common Pleas of York County was invalid because it was excessive. Because he is not entitled to habeas relief on his claim that his sentence was excessive, this dependent claim that his current confinement is unconstitutional likewise will be dismissed.

Petitioner also seeks an order from this Court directing that he receive "compensatory relief from each defendant" pursuant to 42 U.S.C. § 1983. Because money damages are not available in a habeas corpus action, this request will be dismissed as well. See, e.g., Preiser v. Rodriguez, 411 U.S. 475, 494 (1973) (explaining that "if a state prisoner is seeking damages, he is attacking something other than immediate or more speedy release – the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."); Marine v. Quintana, 347 F.App'x 736 (3d Cir. 2009) (affirming that money damages are not available in a habeas action).

Finally, Petitioner repeatedly claims that his current confinement is unconstitutional. As for these conclusory allegations, the Supreme Court held, in Mayle v. Felix, 545 U.S. 644, 649 (2005), that specificity is required in a habeas petition:

> In ordinary civil proceedings, the governing Rule, Rule 8 of the Federal Rules of Civil Procedure, requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement. The habeas rule instructs the petitioner to "specify all the grounds for relief available to [him]" and to "state the facts supporting each ground."

Quoting the Advisory Committee's Note on Rule 4 of the Rules Governing Section 2254 Cases, the Supreme Court observed: "Notice pleading is not sufficient, for the petition is expected to *state facts that point to a real possibility of constitutional error*." Id. at 656 (emphasis added). Merely asserting

legal conclusions does not fulfill the requirements of Rule 2(c) of the Rules Governing Section 2254 Cases.

**C.     Certificate of Appealability**

A certificate of appealability should not be issued unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). See also Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner has failed to substantially allege the denial of a constitutional right, much less show such a denial. Accordingly, the Court will not issue a certificate of appealability.

**II.**

For the reasons set forth above, the petition for writ of habeas corpus is summarily dismissed and a certificate of appealability is denied. The Erie County District Attorney's Office's motion to transfer the duties to file an Answer to the York County District Attorney's Office [ECF No. 6] is dismissed as moot. An appropriate Order follows.

|  |  |
|---|---|
| Dated: September 5, 2012 | /s/ Susan Paradise Baxter<br>SUSAN PARADISE BAXTER<br>United States Magistrate Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LANCE MICHAEL BARNES,<br>　　　　Petitioner,<br><br>　　　　v.<br><br>ERIE COUNTY COURT OF COMMON PLEAS; ERIE COUNTY DISTRICT ATTORNEY'S OFFICE; ERIE COUNTYCONTRACT JAIL ALBION; PENNSYLVANIA DEPARTMENT OF CORRECTIONS,<br>　　　　Respondents. | Civil Action No. 12-108 Erie<br><br>Magistrate Judge Susan Paradise Baxter |

## ORDER

AND NOW, this 5th day of September, 2012;

IT IS HEREBY ORDERED that the petition for a writ of habeas corpus is summarily DISMISSED and a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that the Erie County District Attorney's motion to transfer the duties to file an Answer to the York County District Attorney's Office [ECF No. 6] is DISMISSED AS MOOT.

The Clerk of Courts is directed to close this case.

　　　　　　　　　　　　　　　　/s/ Susan Paradise Baxter
　　　　　　　　　　　　　　　　SUSAN PARADISE BAXTER
　　　　　　　　　　　　　　　　United States Magistrate Judge